IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | )   CRIMINAL ACTION 07-00175-KD |
| | ) |
| JOSEPH BOBBY BYRD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant Joseph Bobby Byrd's motion for return to federal custody (doc. 40). Upon consideration and for the reasons set forth herein, defendant's motion is **DENIED**.

The federal grand jury indicted Byrd in June 2007. In July 2007 Byrd was incarcerated at the Mobile County Metro Jail. A writ of habeas corpus ad prosequendum issued from this Court and Byrd was taken into custody by the United States Marshal for federal prosecution. At this point, Byrd was "on loan" from the State of Alabama.[1] On March 6, 2008, Byrd was sentenced by this Court to a term of fifty-seven months as to each of Counts 4 and 9, with the terms to run concurrently. The sentence was <u>not</u> imposed to run concurrent with any state court sentence. Byrd did not commence serving his federal sentence. Instead, Byrd was returned to the State of Alabama for further proceeding on his state charges.

Later that month, on March 20, 2008, State of Alabama Circuit Court Judge Robert Smith

---

[1] As explained in <u>United States v. Booker</u>, 2006 WL 287860 (N.D. Fla. February 6, 2006), when a prisoner is "produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum . . . the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." <u>Id</u>. at *1.

sentenced Byrd to a term of twenty years to run concurrent with the previously imposed federal sentence.  Byrd remained in state custody and is now  incarcerated with the Alabama Department of Corrections (ADC) at the Elmore Correctional Facility.

On April 8, 2009, Byrd filed a motion in this court seeking a transfer from state custody to federal custody on basis that the Mobile County Metro jail officials had erred by failing to deliver him to the custody of the U. S. Marshal to serve his federal sentence (doc. 38).  This Court entered an order explaining that Byrd's federal sentence was not imposed to run concurrent with his state sentence and therefore, he must consult with the state court in regard to that court's order to run his state sentence concurrent with his federal sentence (doc. 39).

Byrd then filed two motions in the state court to request amendment of his sentence in order to obtain transfer to a federal prison (doc. 40, attachments).  On September 28,2009, Circuit Judge Smith ordered that Byrd's state sentence should run concurrent with his "Federal sentence that he is now serving time on" (doc. 40, p. 5).  However, Byrd was not serving time on his federal sentence.  To the contrary, his federal sentenced had never commenced.  Instead, Byrd remained in primary state custody at all times since the writ of habeas corpus ad prosequendum was issued.  Thus, Byrd was transferred to the ADC to commence serving his state sentence.

Now before this Court is Byrd's motion titled "Motion for Return to Federal Custody" (doc. 40).[2]  Byrd asserts that Circuit Judge Smith ordered that Byrd be returned to Federal

---

[2] Although Byrd moves pursuant to 28 U.S.C. § 2255, he does not seek to vacate, set aside, or correct his sentence.  Hence, this is not a § 2255 motion.  See United States v. Creary, 211 Fed.Appx. 908, 909 (11th Cir. 2006) ("We have indicated that federal courts have 'an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is ... cognizable under a different remedial statutory framework.'") (citations

Custody but the Bureau of Prisons (BOP) has failed or refused to take him into custody to begin serving the 57 month federal sentence. He asks this court to order the BOP to take custody of him, that he receive credit toward his federal sentence for time spent in the ADC, and that his sentence be withdrawn because the BOP has refused to take custody of him.

However, this Court is without jurisdiction to order the relief Byrd seeks. Congress gave the BOP, not the Court, the authority to determine whether Byrd will receive credit toward his federal sentence for time spent in the ADC. See 18 U.S.C. § 3585(b). Also, based upon the facts presented in this case, the Court does not have authority to order the BOP to take custody of Byrd. The Court has informally referred this matter to Circuit Judge Smith, Byrd's state court sentencing judge, for his consideration.[3]

Accordingly, since the Court is without authority to grant the relief which Byrd seeks, his motion is **DENIED**.

**DONE** and **ORDERED** this the 12th day of March, 2010.

> /s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

omitted).

[3] The undersigned called Judge Smith and asked him to review Byrd's imposed state sentence to determine whether it had been executed in the manner Judge Smith intended.